UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
          Petitioners,

          against

JANEF INC. a/k/a
MAYFLOWER MFG. CO. a/k/a
ALPERIN CO.,
          Respondent.

08 Civ. 5537 (BSJ)

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of David C. Sapp, duly verified the 13th day of June 2008.

INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated June 29, 2007 in which Dr. Philip Ross (hereinafter, the "Arbitrator"), found that Janef Inc. a/k/a Mayflower Mfg. Co. a/k/a Alperin Co. (hereinafter, the "Respondent"), was obligated by the terms of a Collective Bargaining Agreement and Supplemental Agreement (hereinafter, the "CBA") to make employee benefit contributions to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund (hereinafter, the "Funds"), and granted the Trustees of the Funds (hereinafter, the "Petitioners"), recovery as to delinquent amounts. For the reasons set forth below, this Court has jurisdiction over the subject matter and over the person of the Respondent and is therefore the proper forum for a Petition to Confirm that Arbitration Award.

POINT I

THIS COURT HAS SUBJECT
MATTER JURISDICTION HEREIN

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. §1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Funds required by the CBA.

Section 502(a) (3), (B) (i), 29 U.S.C. §1132 9(a) (3), (B) (i) of ERISA, states that:

> A civil action may be brought by a participant, beneficiary or fiduciary to redress such violations (of title I of ERISA, 2-608, 29 USC 1001-1168).

As fiduciaries of the Funds, Petitioners have standing to bring this proceeding, which seeks redress of Respondent's violation of Section 515 of ERISA.

This Court has jurisdiction to hear this proceeding under ERISA Section 502(f), which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under ERISA Section 502(a).

The Petitioners also brings this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. §185(a). Section 301(a) vests the federal courts

with the power and jurisdiction to confirm an arbitration award made in accordance with a collective bargaining agreement in the labor relations context. <u>Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y.</u>, 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), <u>Savoretti v. Hotel & Restaurant Emp. and Bartenders</u>, 407 F. Supp. 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. <u>Whelan v. Colgan</u>, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, <u>Santos v. District Council of New York City, etc.</u>, 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

## POINT II

### THIS COURT HAS PERSONAL JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

As stated in the Petition, Petitioners' sole place of business is within the Southern District of New York. Thus, venue is proper in this court.

The last clause of ERISA §502(e)(2) authorizes nationwide service of process on a defendant, regardless of the district in which the action is brought. See <u>Rodd v. Region Construction Co.</u>, 783 F. 2d 89 (7th cir 1986). As Respondent was personally served with process within the district of Pennsylvania, this Court has obtained personal jurisdiction.

<u>POINT III</u>

<u>THE FUND IS ENTITLED TO RECOVER
PRE-JUDGMENT INTEREST AND
LIQUIDATED DAMAGES, TOGETHER
WITH COSTS AND ATTORNEYS' FEES</u>

ERISA Section 502(g) (2), 29 U.S.C. §1132(g) (2) provides, in pertinent part:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515, in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (A)    the unpaid contributions,
> (B)    interest on the unpaid contributions,
> (C)    an amount equal to the greater of --
>      (i)    interest on the unpaid contributions, or
>      (ii)    liquidated damages provided for under the plan...
> (D)    reasonable attorney fees and costs of the action, to be paid by the defendant, and
> (E)    such other legal or equitable relief as the court deems appropriate.

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Funds' Plan Rules provide that the employer (or other individual or entity) shall also be liable to the Funds for interest at the rate of one percent (1%) per month or part thereof (or at such other rate as the Trustees may from time to time determine), and liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions. This is in accordance with ERISA Section 502 (g) (2), 29 U.S.C. §1132 (g) (2), which provides for interest, liquidated damages, costs and attorneys' fees in actions to recover delinquent contributions. Accordingly, the Arbitrator awarded interest and liquidated damages at such rates through the date of Arbitration Award.

## CONCLUSION

Petitioners' petition should be granted and an order issued confirming the June 29, 2007 arbitration award and directing entry of judgment in the amount of $88,791.91 to the Trustees of the UNITE HERE National Health Fund and $9,333.91 to the Trustees of the UNITE HERE National Retirement Fund as directed by the arbitrator, together with interest at the rate of one percent (1%) per month or part thereof, plus costs as provided by law.

Dated: August 5, 2008
      New York, New York

Respectfully submitted,

_____
David C. Sapp, Esq. – DS 5781
Attorney for Petitioners
730 Broadway, 9th Floor
New York, New York 10003
(212) 539-5576